# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Oct 29, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
records and information associated with the cellular telephone assigned ) Case No. 24 MJ 239
call number (414) 418-0076, ("the Account"), that are stored at premises )
controlled by AT&T ("the Provider"), headquartered at 11760 US Highway )
1, Suite 300, North Palm Beach, FL 33408. )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Hobbs Act Robbery |
| 18 U.S.C. § 924(c) | Use, Carrying, and Brandishing of a Firearm during a Crime of Violence |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Kevin Kaiser
Digitally signed by Kevin Kaiser
Date: 2024.10.28 10:19:15 -05'00'

*Applicant's signature*

Kevin Kaiser, Special Agent - FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 10/29/2024

*Judge's signature*

City and state: Milwaukee, WI       Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEARCH WARRANT

I, Kevin Kaiser, being first duly sworn, hereby depose and state as follows:

# INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (414) 418-0076 ("the SUBJECT PHONE") that are stored at premises controlled by AT&T, a wireless telephone service provider headquartered at 11760 US Highway 1, Suite 300, North Palm Beach, FL 33408. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require AT&T to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April 2023. Since April 2023, I have been assigned to the FBI's Milwaukee Area Violent Crimes Task Force. This Task Force is a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, and other violent crime matters, defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have assisted in and conducted criminal investigations, participating in surveillance, interviews, and debriefs of arrested subjects. As a

1

result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the investigation to date, I submit there is probable cause to believe that Kenneth HUNTER (XX/XX/1960) committed or conspired to commit an armed robbery in Milwaukee, Wisconsin, on May 2, 2024, in violation of Title 18, United States Code, §§ 1951 (Hobbs Act Robbery), and 924(c) (brandishing a firearm during a crime of violence). There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

### Guardian Investments Real Estate- May 2, 2024

5. On May 2, 2024, at approximately 2:54 PM, Milwaukee Police Department officers responded to Guardian Investment Real Estate Company located at 9205 W. Center Street, Suite #211, Milwaukee, WI for an armed robbery incident. The victims, identified as B.S. and K.K., reported at approximately 2:54 PM, an unknown masked subject entered the business with a gun and took approximately $13,000 in U.S. Currency.

6. Milwaukee Police Department detectives responded to Guardian Investment Real Estate to interview the victims. K.K. stated that she was working at the receptionist desk when an armed black male subject, wearing a mask, entered the business. K.K. advised that the subject stated, "I want to talk to Rick" (who is the owner of the Guardian Investment Real Estate

Company). K.K. informed the subject that 'Rick' was not in the office and subject pointed the gun at her and told K.K. not to lie to him.

7. The subject then directed K.K. into an office occupied by B.S., where the subject held both victims at gunpoint. B.S., fearing for his life and safety, relinquished approximately $13,000 in US currency, belonging to Guardian Investments Real Estate, in hopes the subject would leave the scene. After obtaining the money, the subject instructed B.S. and K.K. to unplug their phones and stated, "This will make you think twice about who you evict." The subject then fled the scene with the money and the victims called 911 to report the incident.

8. The subject was described as a black male, possibly in his 40's or older, approximately 5'08", 170 lbs., thin build, wearing a black mask with gold trim, a covid style mask, glasses, a gray hooded sweatshirt with white lettering, and blue jeans. The subject was armed with a black and silver handgun.

9. Investigators recovered video surveillance regarding this investigation which depicted the subject arriving in a gold late 90's Buick Park Avenue and parking on N. 93rd Street, west of the incident location. The video also depicted the subject fleeing the area in the same suspect vehicle afterward. The suspect vehicle had a distinctive rust hole on the bottom front corner of the driver's side door in the video.

10. MPD detectives and members of the FBI Milwaukee Area Violent Crime Task Force (MAVCTF) reviewed several traffic camera databases and located a gold 1999 Buick Park Avenue sedan bearing WI registration AVV6340, VIN# 1G4CW52K6X4642860. This vehicle matched the suspect vehicle as it had the same distinctive rust pattern on the lower corner of the driver's door. Flock cameras also captured the suspect vehicle traveling southbound on N. Sherman Blvd. at W. Capitol Drive on May 2, 2024, at approximately 2:10 PM. This was en route

3

towards the area of the incident location (within approximately 4 miles) shortly before the reported robbery. A check with WI Department of Transportation records indicated the suspect vehicle was registered to Kenneth HUNTER (B/M XX/XX/1960). HUNTER is currently on Parole for Armed Robbery. HUNTER, per the Department of Corrections, is 5'9" and 190lbs, which matches the description of the suspect in this offense.

11. On May 9, 2024, police officers from MPD located the suspect vehicle, parked at 3378 N. 40th Street, occupied by an older black male driver. MPD officers conducted a traffic stop of the vehicle and detained the driver, who was identified as Kenneth HUNTER (B/M XX/XX/1960). HUNTER was then arrested for the armed robbery as he matched the physical description of the suspect and is the owner/operator of the identified suspect vehicle. HUNTER's cellphone, a blue iPhone with a black case, was recovered during his arrest from his pants pocket and was placed on MPD Inventory #24013322, Item 1.

12. Detective Martinez and Detective Davis from MPD conducted a mirandized interview of HUNTER regarding his involvement in the armed robbery investigation. Detectives showed HUNTER several surveillance videos and HUNTER advised the vehicle captured during the robbery incident was his gold 1999 Buick Park Avenue bearing WI registration AVV6340. HUNTER further stated he often lets various individuals borrow his vehicle but could not recall who had his car when the robbery took place.

13. During the mirandized interview HUNTER indicated that his cellphone (blue iPhone with a black case) had the phone number of (414) 418-0076, and the unlock pin code was 2417.

14. Affiant checked the online search database ZetX (https://phonelookup.zetx.com/), a database found to be a reliable source for determining the cellular carrier of a cell phone. A search of phone number (414) 418-0076 revealed AT&T as the wireless carrier.

**Further Information**

15. In my training and experience, I know individuals involved in violent crimes typically have their cellular phones on their person and will use cellular devices to maintain contact with co-conspirators. I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

16. Based on my training and experience, I know that AT&T can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as AT&T typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

17. Based on my training and experience, I know that wireless providers such as AT&T typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as AT&T typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

19. I further request that the Court direct AT&T to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on AT&T, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (414) 418-0076, ("the Account"), that are stored at premises controlled by AT&T ("the Provider"), headquartered at 11760 US Highway 1, Suite 300, North Palm Beach, FL 33408.

7

# ATTACHMENT B

## Particular Things to be Seized

**I.   Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period March 1, 2024 to May 10, 2024:

    a. The following subscriber and extended subscriber information about the customers or subscribers of the Account:

        i. Names (including subscriber names, usernames, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long-distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber

8

Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); device make and model;

vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers); call detail records for voice, SMS, MMS, and data; email addresses and IP addresses; and

ii. information regarding the cell towers and sectors through which the communications were sent and received; and

iii. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

**II. Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, including planning and preparation, of violations of Title 18, United States Code, §§ 1951 (Hobbs Act Robbery), and 924(c) (brandishing of a firearm during a crime of violence), during the period March 1, 2024, to May 10, 2024.